UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA CORRIGAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SETERUS, INC., a Delaware corporation,<br><br>*Defendant.* | Case No.:<br><br>**Complaint—Class Action** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Sandra Corrigan ("Corrigan" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant Seterus, Inc. ("Seterus" or "Defendant") to stop its practice of making autodialed calls to consumers' cell phones nationwide without first obtaining their prior express written consent and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1. Defendant Seterus is a loan servicing company and a debt collector who has made repeat autodialed calls to Plaintiff Corrigan and the putative

1

members of the Class' cell phones in an attempt to collect a debt.

2. Worse yet, Defendant Seterus made these autodialed calls to the cell phone numbers of individuals who owed no debt to Seterus whatsoever and who were not delinquent on any of their loan, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

3. The TCPA was enacted to protect consumers from autodialed phone calls to their cell phones, exactly like the ones alleged and described in this case. Seterus made these calls despite the fact that neither Plaintiff nor the putative members of the Class ever provided Seterus with their prior express written consent to be called. By making the autodialed calls at issue, Seterus caused Plaintiff and the putative members of the Class actual harm, including the aggravation and nuisance that necessarily accompanies the receipt of such calls.

4. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all autodialed calling activities to consumers' cell phone without first obtaining prior express written consent, as well as an award of statutory damages to the members of the Class under the TCPA, costs, and reasonable attorneys' fees.

## PARTIES

5. Plaintiff Sandra Corrigan is a natural person and citizen of the state of Pennsylvania.

6. Defendant Seterus is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 3039 Cornwallis Road, Building 203, Suite # AA 145, Research Triangle Park, North Carolina 27709.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because Defendant conducts a significant amount of business in this District, made and continues to make autodialed calls to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

9. Seterus placed and continues to place repeated and harassing autodialed phone calls to consumers' cell phones for which consumers never provided Seterus with prior express consent to be called.

10. The most egregious types of these calls are placed to those consumers who in fact have no debt whatsoever owed to Seterus and who are not delinquent

on any of their loans. Instead, a person may start receiving calls as the result of Seterus's skip tracing, which has revealed that the call recipient has some connection to the actual debtor. These connections could include being a relative or roommate, but also include cellular phone numbers once used by the debtor, but which no longer belong to that person.

11. Defendant Seterus has placed calls for the purpose of debt collection from thousands of consumers.

12. Seterus made calls to Plaintiff Corrigan and the putative Class members' cell phone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendant's calls utilized interactive voice recognition technology, also known as a predictive dialer, in which a machine places calls, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendant. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

### FACTS SPECIFIC TO PLAINTIFF CORRIGAN

13. On or around August, 2017, Plaintiff Corrigan began receiving autodialed calls from phone number (866) 570-5277 to her cell phone regarding the attempted collection from her of unpaid mortgage payments that her daughter

was allegedly behind on.

14. Upon answering the call, Corrigan noticed a slight pause before being connected to a live agent. The artificially long pause is indicative of the caller using an automatic telephone dialing system ("ATDS") to place the calls to Corrigan.

15. Corrigan requested that Seterus stop making calls to her cell phone and explained the caller was calling the wrong person. Seterus persisted to make calls to Corrigan's cell phone at least 25 more times.

16. Corrigan has never done any business with Seterus (and does not have a delinquent mortgage), and most importantly has never given it prior express consent to be called.

## CLASS ALLEGATIONS

17. Plaintiff Corrigan brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and a Class of similarly situated individuals as follows:

> All individuals in the United States who (1) received a telephone call on their cell phone (2) from or on behalf of Defendant (3) between four years prior to the filling of this complaint through the present (4) for which the Defendant had no record of prior express written consent to make such telephone call.

The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its

subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

18. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed prerecorded telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be easily identified through Defendant's records.

19. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

20. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class action litigation. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

21. **Commonality and Predominance**: There are many questions of law

and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    whether Defendant's conduct violated the TCPA;

    (b)    whether Defendant made telephone calls utilizing and automatic telephone dialing system;

    (c)    whether Defendant systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such phone calls; and

    (d)    whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

22. **Superiority**: Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small compared to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this

complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION
### Violation of TCPA, 47 U.S.C. § 227 *et seq.*
### (On Behalf of Plaintiff and the Class)

23. Plaintiff incorporates the foregoing factual allegations as if fully set forth herein.

24. Defendant made unsolicited phone calls to wireless telephone numbers belonging to Plaintiff and other members of the Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

25. Defendant made the telephone calls without obtaining Plaintiff's and the Class members' prior express consent.

26. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the Class suffered actual damages in the form of monies paid to receive unsolicited calls on their cellular phones and, under section 227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each violation of such act.

27. Should the Court determine that Defendant's misconduct was willful

and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for the following relief:

28. An order certifying the Class as defined above, appointing Plaintiff Sandra Corrigan as the representative of the Class, and appointing her counsel as Class Counsel;

29. An award of actual and statutory damages;

30. An injunction requiring Defendant to cease all unsolicited calling activities;

31. An award of reasonable attorneys' fees and costs;

32. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully Submitted,

**SANDRA CORRIGAN**, individually and on behalf of class of similarly situated individuals

Dated: December 19, 2017   By: __/s/ David S. Senoff__
One of Plaintiff's Attorneys

David S. Senoff
dsenoff@anapolweiss.com
ANAPOL WEISS
130 N. 18th Street, Suite 1600
Philadelphia, PA 19103
Tel: (215) 735-1130
Fax: (215) 875-7733

Benjamin H. Richman*
brichman@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Stefan Coleman*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd., 28th floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

*Attorneys for Plaintiff and the putative Class*

*Pro Hac Vice to be Sought*